United States District Court
Southern District of Texas

**ENTERED**

April 16, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TARAH SIEGEL,                        §
                                     §
              Plaintiff,             §
                                     §
v.                                   §    CIVIL ACTION NO. H-24-0411
                                     §
BWAY CORPORATION d/b/a MAUSER        §
PACKAGING SOLUTIONS; CORY            §
TRAYLOR; and SUSAN PUGH,             §
                                     §
              Defendants.            §

### MEMORANDUM OPINION AND ORDER OF REMAND

Plaintiff, Tarah Siegel ("Siegel" or "Plaintiff"), initiated this action on January 3, 2024, by filing Plaintiff's Original Petition ("Plaintiff's Original Petition") in the 85th Judicial District Court of Brazos County, Texas, Cause No. 24-000019-CV-85, against defendants, BWAY Corporation d/b/a Mauser Packaging Solutions ("BWAY"), Cory Traylor ("Traylor"), and Susan Pugh ("Pugh") (collectively "Defendants"), asserting various claims for employment discrimination in violation of the Texas Commission on Human Rights Act ("TCHRA").[1]  On February 2, 2024, Defendant BWAY filed a Notice of Removal ("Notice of Removal") (Docket Entry No. 1).  Pending before the court are Defendant Cory Traylor's Motion to Dismiss Under Rule 12(b)(6) ("Traylor's Motion to Dismiss") (Docket Entry No. 7), and Defendant Susan Pugh's Motion

---

[1]Plaintiff's Original Petition, Exhibit A-1 to Notice of Removal, Docket Entry No. 1-2.  Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system.

to Dismiss under Rule 12(b)(6) ("Pugh's Motion to Dismiss") (Docket Entry No. 8).  Also pending are Plaintiff's Response to Defendant Cory Traylor's Motion to Dismiss under Rule 12(b)(6) ("Plaintiff's Response to Traylor's Motion to Dismiss") (Docket Entry No. 12), in which Plaintiff moves the court to remand this action to state court and to award her attorney's fees and expenses reasonably incurred in responding to Traylor's Motion to Dismiss; Plaintiff's Response to Defendant Susan Pugh's Motion to Dismiss under Rule 12(b)(6) ("Plaintiff's Response to Pugh's Motion to Dismiss") (Docket Entry No. 13), in which Plaintiff moves the court to remand this action to state court and to award her attorney's fees and expenses reasonably incurred in responding to Pugh's Motion to Dismiss; Defendant Cory Traylor's Reply in Support of His Motion to Dismiss under Rule 12(b)(6) ("Traylor's Reply") (Docket Entry No. 14); and Defendant Susan Pugh's Reply in Support of Her Motion to Dismiss under Rule 12(b)(6) ("Pugh's Reply") (Docket Entry No. 15).  For the reasons explained below, Plaintiff's requests to remand will be granted but her requests for attorney's fees and expenses will be denied, Traylor's and Pugh's motions to dismiss the claims asserted against them under Rule 12(b)(6) will be denied as moot, and this action will be remanded to the 85th Judicial District Court of Brazos County, Texas.

## I. __Factual and Procedural Background__

**A.   Plaintiff's Factual Allegations[2]**

Plaintiff alleges that while employed at BWAY she experienced unwanted sexual attention from Traylor, the Plant Manager. Plaintiff alleges that

> Traylor came up behind [her] while she was at her desk and asked her to look something up on [her] computer.
>
> When [she] started to do a search, Mr. Traylor grabbed [her] hair, moved it to the side, and then proceeded to put his tongue in [her] ear.
>
> When [she] pulled away and objected, Mr. Traylor simply said "I'm sorry, I thought you liked that kind of treatment."[3]

Plaintiff alleges that she had previously worked directly with the HR manager, Pugh, and had moved away from working with Pugh due to a conflict in their working relationship. Fearing that Pugh would protect Traylor, Plaintiff did not complain about Traylor's conduct but, instead, asked to be moved to another position where she would not have to interact with Traylor.

Plaintiff alleges that shortly after moving to the customer service department she told one of her co-workers about Traylor's conduct, and that a short time later Pugh told her that a co-worker had complained on Plaintiff's behalf.   Plaintiff alleges that

---

[2]The facts in this section are based upon the facts alleged in Plaintiff's Original Petition, Exhibit A-1 to Notice of Removal, Docket Entry No. 1-2, pp. 5-7 ¶¶ 10-33.

[3]Plaintiff's Original Petition, Exhibit A-1 to Defendant's Notice of Removal, Docket Entry No. 1-1, p. 5 ¶¶ 12-14.

-3-

instead of addressing Traylor's inappropriate conduct, Pugh accused her of conducting herself improperly in the workplace.  Plaintiff alleges that she was then singled out and her work was unjustifiably scrutinized by her direct supervisor and by Pugh.

Plaintiff alleges that shortly after Pugh learned of, but failed to address Traylor's inappropriate conduct, Traylor called her into his office, closed the door, told her that other male employees were talking about her, and advised her that she "needed to be nice to the guys."

Plaintiff alleges that a short time later she was told that she was being reassigned to work on machines in the warehouse, instead of in the office where she had been working.  Plaintiff objected to the assignment, and told the manager that she did not know how to operate the machines she was being asked to operate.

Plaintiff alleges that she told the HR manager, Pugh, that the noise level in the warehouse exacerbated her PTSD, a condition that Plaintiff says she specifically disclosed on her employment application.  Pugh responded that the warehouse position was the only position available and that was where the company needed her to work.  Plaintiff alleges that Pugh then explained that if she refused to perform the machine operating position in the warehouse, then her refusal would amount to insubordination that would justify discharge.

On December 8, 2022, Plaintiff was discharged.

**B.     Procedural Background**

Plaintiff filed this action on January 3, 2024, in state court asserting nine causes of action for violation of the Texas Labor Code: (1) sex discrimination/sexual harassment — hostile work environment — supervisor liability in violation of Texas Labor Code § 21.051;[4] (2) sex discrimination/sexual harassment — hostile work environment — negligence in violation of Texas Labor Code § 21.051;[5] (3) sex discrimination in violation of Texas Labor Code § 21.051;[6] (4) sex discrimination — discriminatory discharge in violation of Texas Labor Code § 21.051;[7] (5) disability discrimination — failure to engage in required interactive process in violation of Texas Labor Code § 21.051;[8] (6) disability discrimination — failure to accommodate in violation of Texas Labor Code § 21.051;[9] (7) disability discrimination in violation of Texas Labor Code § 21.051;[10] (8) disability discrimination — discriminatory discharge in violation of Texas Labor Code

---

[4]Id. at 8-9 ¶¶ 38-43.

[5]Id. at 9 ¶¶ 44-49.

[6]Id. at 9-10 ¶¶ 50-53.

[7]Id. at 10 ¶¶ 54-56.

[8]Id. ¶¶ 57-60.

[9]Id. ¶¶ 61-64.

[10]Id. at 10-11 ¶¶ 65-67.

§ 21.051;[11] and (9) unlawful retaliation in violation of Texas Labor Code § 21.051.[12]

On February 2, 2024, Defendants removed the action asserting that

> [t]his Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because diversity of citizenship exists between plaintiff and defendant [BWAY]. Plaintiff is a citizen of the state of Texas. (See Petition at p. 1 . . .). Plaintiff vaguely and incorrectly alleges that defendant [BWAY]'s principal place of business is in Brazos County. In fact, defendant [BWAY] is a citizen of Delaware and a citizen of Illinois under 28 U.S.C. § 1332(c)(1) because it is a corporation incorporated under the laws of the state of Delaware and its principal place of business and global headquarters is located at 1515 W. 22nd Street, Suite 1100, Oak Brook, Illinois 60523. Defendant [BWAY] operates a packaging facility in Bryan, Texas which is one of approximately 100 locations throughout the country. Defendant [BWAY]'s "nerve center," where it directs, controls and coordinates its business, is its global headquarters in Oak Brook, Illinois.[13]

Acknowledging that "a case cannot be removed based on diversity jurisdiction if any **properly-joined** defendant is a citizen of the state in which the action is brought,"[14] Defendants asserted that "Defendants Cory Traylor and Susan Pugh [a]re [i]mproperly [j]oined."[15] Traylor and Pugh have consented to the removal.[16]

---

[11]Id. at 11 ¶¶ 68-70.

[12]Id. ¶¶ 71-74.

[13]Notice of Removal, Docket Entry No. 1, p. 2.

[14]Id. at 3 (emphasis in original).

[15]Id.

[16]Id. at 6 (citing Exhibit E, Defendant Cory Traylor's Consent to Removal, Docket Entry No. 1-6; and Defendant Susan Pugh's
(continued...)

On February 8, 2024, Traylor and Pugh filed their motions to dismiss under Rule 12(b)(6) for failure to state a claim for which relief may be granted.  Arguing that the only cause of action asserted against them was Plaintiff's cause of action for "Sex Discrimination/Sexual Harassment — Hostile Work Environment — Supervisory Liability — TCHRA" under Texas Labor Code § 21.051,[17] Traylor and Pugh argue that "a plaintiff can assert a [§] 21.051 sexual harassment claim **only** against an institutional employer and **not** against supervisory personnel who are individual defendants."[18] Traylor and Pugh argue that "[b]ecause a [§] 21.051 claim can only be brought against an employer, Plaintiff has not pleaded a cognizable legal theory against [them] and Plaintiff's complaint demonstrates a facial bar to relief from [them]."[19]  They argue therefore that Plaintiff "has no reasonable basis for recovery against [them], and her claims against [them] should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6)."[20]

---

[16](...continued)
Consent to Removal, Docket Entry No. 1-7).

[17]Traylor's Motion to Dismiss, Docket Entry No. 7, p. 3 (citing Plaintiff's Original Petition, Exhibit A-1 to Notice of Removal, Docket Entry No. 1-2, pp. 8-9 ¶¶ 38-43); Pugh's Motion to Dismiss, Docket Entry No. 8, p. 3 (same).

[18]Traylor's Motion to Dismiss, Docket Entry No. 7, p. 3; Pugh's Motion to Dismiss, Docket Entry No. 8, p. 3.

[19]Traylor's Motion to Dismiss, Docket Entry No. 7, p. 4; Pugh's Motion to Dismiss, Docket Entry No. 8, p. 4.

[20]Traylor's Motion to Dismiss, Docket Entry No. 7, p. 4; Pugh's Motion to Dismiss, Docket Entry No. 8, p. 4.

Plaintiff responds that Traylor's and Pugh's motions to dismiss "must not only be denied, and this case remanded, but good cause exists to award Plaintiff her attorney's fees incurred in responding to [their m]otion[s]."[21]   Citing Texas Labor Code §§ 21.141 and 21.142, Plaintiff argues that

> [u]nder the amendments to Chapter 21 of the Texas Labor Code effective on September 1, 2021, adding Subchapter C-1 and expanding the definition of "employer" in sexual harassment claims to include **a person** who acts directly in the interest of an employer in relation to an employee, and also creating specific liability for those employers when their agents and supervisors fail to take immediate actions appropriate to correct the harassment, Defendants Traylor and Pugh have both been properly named as individual defendants in this case.[22]

Traylor and Pugh reply that Plaintiff has not alleged a cause of action under Texas Labor Code § 21.142, and that she has failed to allege facts capable of establishing that either of them is an "employer" under § 21.141.[23]   Traylor and Pugh also argue that Plaintiff's request for attorney's fees should be denied because "the interpretation of Tex. Lab. Code § 21.141 remains unsettled, and a reasonable basis for removal existed at the time of removal."[24]

---

[21]Plaintiff's Response to Traylor's Motion to Dismiss, Docket Entry No. 12, p. 1; Plaintiff's Response to Pugh's Motion to Dismiss, Docket Entry No. 13, p. 1.

[22]Plaintiff's Response to Pugh's Motion to Dismiss, Docket Entry No. 13, p. 2.  See also Plaintiff's Response to Traylor's Motion to Dismiss, Docket Entry No. 12, p. 2 (substantially the same).

[23]Traylor's Reply, Docket Entry No. 14, pp. 2-10; Pugh's Reply, Docket Entry No. 15, pp. 2-10.

[24]Traylor's Reply, Docket Entry No. 14, pp. 11-12; Pugh's
(continued...)

-8-

## II. **Standards of Review**

Defendants' motions to dismiss and Plaintiff's motions to remand are analytically interrelated.  See Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 1825 (2005) ("Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Therefore, the court will analyze the motions together.

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted).  This means that no plaintiff can be a citizen of the same state as even one defendant.  Moreover, under 28 U.S.C. § 1441(b)(2), a case cannot be removed based on diversity jurisdiction if any properly-joined defendant is a citizen of the state in which the action is brought.  Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281 (5th Cir. 2007) (citation omitted).  The removal statute therefore is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." Id. at 281-82.

BWAY removed based upon diversity jurisdiction asserting that diversity exists between Plaintiff and BWAY, and that Traylor and

---

[24](...continued)
Reply, Docket Entry No. 15, pp. 10-12.

Pugh, whose presence would prevent diversity jurisdiction, are improperly joined.  Citing <u>Smallwood,</u> 385 F.3d at 573, BWAY argues that "Pugh and Traylor are improperly joined because there is no possibility of and no reasonable basis for recovery by plaintiff against them."[25]  The doctrine of improper joinder is a narrow exception to the rule of complete diversity that allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction.  <u>See id.</u> at 576.

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court."  <u>Id.</u> at 573 (quoting <u>Travis v. Irby,</u> 326 F.3d 644, 647 (5th Cir. 2003)).  Because Defendants do not contend that Plaintiff fraudulently pleaded jurisdictional facts, the second method is at issue.  The test for improper joinder based on this method is

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

<u>Id.</u>  <u>See also Travis,</u> 326 F.3d at 648 (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery").

_____

[25]Notice of Removal, Docket Entry No. 1, p. 3.

Courts may resolve the issue of whether a plaintiff has a reasonable basis of recovery under state law in one of two ways:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. . . [Alternatively], the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

Smallwood, 385 F.3d at 573. "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." Id. When conducting a Rule 12(b)(6) type analysis, courts must apply the federal pleading standard, International Energy Ventures Management, LLC v. United Energy Group, Ltd., 818 F.3d 193, 200-08 (5th Cir. 2016), must analyze the plaintiff's allegations at the time of removal, Cavallini v. State Far Mutual Automobile Insurance Co., 44 F.3d 256, 264 (5th Cir. 1995), and must resolve contested issues of material fact and ambiguities or uncertainties in the controlling state law in the plaintiff's favor. D&J Investments of Cenla, L.L.C. v. Baker Hughes, a GE Co., L.L.C., 52 F.4th 187, 195 (5th Cir. 2022) (citing Rico v. Flores, 481 F.3d 234, 239 (5th Cir. 2007)). The burden of proving improper joinder rests with the party seeking removal. See Smallwood, 385 F.3d at 574.

The federal pleading standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. See also Twombly, 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. When making these determinations, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id.

## III. <u>Analysis</u>

Traylor and Pugh argue that they are entitled to dismissal under Rule 12(b)(6) of the claims that Plaintiff has asserted against them under Texas Labor Code § 21.051 because those claims can only be asserted against an institutional employer and not against supervisory personnel named as individual defendants.[26] Citing Texas Labor Code §§ 21.141 and 21.142, Plaintiff responds that Traylor's and Pugh's motions to dismiss "must not only be denied, and this case remanded, but good cause exists to award Plaintiff her attorney's fees incurred in responding to [their m]otion[s]."[27]  Traylor and Pugh reply that Plaintiff has neither asserted a cause of action under Texas Labor Code § 21.142, nor alleged facts capable of establishing that either of them is an "employer" under § 21.141.[28]  They also argue that Plaintiff's request for attorney's fees should be denied because "the interpretation of Tex. Lab. Code § 21.141 remains unsettled, and a reasonable basis for removal existed at the time of removal."[29]

---

[26]Traylor's Motion to Dismiss, Docket Entry No. 7, p. 3; Pugh's Motion to Dismiss, Docket Entry No. 8, p. 3.

[27]Plaintiff's Response to Traylor's Motion to Dismiss, Docket Entry No. 12, p. 1; Plaintiff's Response to Pugh's Motion to Dismiss, Docket Entry No. 13, p. 1.

[28]Traylor's Reply, Docket Entry No. 14, pp. 2-10; Pugh's Reply, Docket Entry No. 15, pp. 2-10.

[29]Traylor's Reply, Docket Entry No. 14, p. 12; Pugh's Reply, Docket Entry No. 15, p. 12.

Citing Texas Labor Code §§ 21.051 and 21.055, Plaintiff has asserted nine causes of action for violation of the TCHRA, which prohibits discrimination in employment on the basis of <u>inter alia</u> sex, and also prohibits retaliation for having engaged in activities protected by the TCHRA.[30]   Plaintiff does not dispute that she is unable to maintain causes of action against individual defendants such as Traylor or Pugh under §§ 21.051 and 22.055 because those sections apply only to institutional employers.[31] Instead, citing Texas Labor Code §§ 21.141 and 21.142, Plaintiff argues that Traylor and Pugh are not improperly joined because the addition of Subchapter C-1 to the Texas Labor Code, which took effect on September 1, 2021, "expand[ed] the definition of 'employer' for sexual harassment claims to include 'a person who acts directly in the interest of an employer in relation to an employee.'"[32]   Plaintiff argues that

---

[30]Plaintiff's Original Petition, Exhibit A-2 to Notice of Removal, Docket Entry No. 102, pp. 9 ¶¶ 43, 48; p. 10 ¶¶ 53, 56, 60, 64; p. 11 ¶¶ 67, 70.

[31]<u>See</u> Plaintiff's Response to Pugh's Motion to Dismiss, Docket Entry No. 13, p. 8 (recognizing that "[u]ntil 2021, Texas law did mirror federal law to hold that only 'employers' (defined as having 15 or more employees) were liable when they knew or should have known of sexual harassment by a coworker and failed to take 'prompt, remedial action'") (quoting <u>Gulf States Toyota, Inc. v. Morgan,</u> 89 S.W.3d 766, 770-71 (Tex. app. — Houston [1st] 2002, no pet.)).   <u>See also</u> Plaintiff's Response to Traylor's Motion to Dismiss, Docket Entry No. 12, p. 5 (substantially the same).

[32]Plaintiff's Response to Traylor's Motion to Dismiss, Docket Entry No. 12, p. 2; Plaintiff's Response to Pugh's Motion to
(continued...)

-14-

[u]nlike Title VII's prohibition against sexual harassment which only applies to employers with 15 or more employees, [§] 21.141(1)(B) of the Texas Labor Code now provides for liability for **"a person . . . who acts directly in the interest of the employer in relation to an employee."** Tex. Lab. Code § 21.141(1)(B) (emphasis added).

In this regard, Defendant Traylor was Defendant [BWAY]'s Plaint/Operations Manager at Defendant [BWAY]'s Bryan, Texas facility. <u>See</u> Plaintiff's Petition . . . (¶¶ 15-33). In this role, Defendant Traylor managed the operations of the entire Bryan facility for Defendant [BWAY]. As such, Defendant Traylor clearly acted directly in the interest of the employer in relation to [Plaintiff], an employee of BWAY at the Bryan facility. . . Pursuant to Texas Labor Code ¶ 21.141 and contrary to Defendant Traylor's argument in his Motion to Dismiss, the law applicable to the claims in this case (<u>i.e.</u>, the Texas Labor Code, Subchapter C-1) do in fact provide for individual liability, thus making Defendant Traylor a properly named party.[33]

With respect to Pugh Plaintiff argues that

[u]nlike its federal law counterpart, however, [§] 21.142(1) and (2) of the Texas Labor Code now explicitly requires and makes it unlawful for an <u>"employer or the employer's agents or supervisors"</u> to fail to take <u>"immediate and appropriate corrective action"</u> once they know, or should have known, of sexual harassment. <u>See</u> Tex. Lab. Code § 21.142(1) and (2). Given the expanded definition of employer in the immediately preceding section — § 21.141(1)(B) — to include individual representatives of an employer, it is clear that Defendant Pugh can be individually liable and is therefore a properly named party to [Plaintiff]'s claims.[34]

---

[32](...continued)
Dismiss, Docket Entry No. 13, p. 2 (substantially the same).

[33]Plaintiff's Response to Traylor's Motion to Dismiss, Docket Entry No. 12, pp. 5-6.

[34]Plaintiff's Response to Pugh's Motion to Dismiss, Docket
(continued...)

Plaintiff also argues that her

> petition states that when Defendant Pugh learned of (or
> should have known of) Traylor's sexual harassment,
> instead of taking immediate corrective actions, Defendant
> Pugh removed Siegel from working in the office, instead
> assigning her to work on Defendant [BWAY]'s warehouse
> floor, operating heavy machinery. See [Plaintiff's
> Petition] ¶¶ 15-21, 26-33. When [Plaintiff] protested
> and further raised the fact that the loud environment of
> the manufacturing floor triggered her PTSD, Defendant
> Pugh stated that the position was the only position
> available and that the Company needed her to work on the
> warehouse floor. See Id. Defendant Pugh then terminated
> [Plaintiff]'s employment when [Plaintiff] stated that her
> PTSD prevented her from performing the job duties
> associated with the warehouse position. See Id.
> Pursuant to Chapter 21 of the Texas Labor Code,
> Subchapter C-1, Defendants Pugh and Traylor have both
> been properly named as individual parties with regard to
> [Plaintiff]'s sexual harassment claims and their Motions
> to Dismiss should be denied.[35]

The court is not aware of any Texas state court that has decided whether the 2021 amendments to the Texas Labor Code, which added Subchapter C-1 governing claims for sexual harassment, provide for individual liability. See Brown-Steffes v. Avis Budget Group, Inc, No. 3:23-CV-1747-D, 2023 WL 6386510 (N.D. Tex. September 29, 2023); Quinonez v. Perez, No. EP-23-CV-291-KC, 2024 WL 176601 (W.D. Tex. January 16, 2024). Based on similar language in the Family and Medical Leave Act of 1993, 29 U.S.C. § 2611(4)(A)(ii)(1), and the Fair Labor Standards Act of 1938, 29 U.S.C. § 203(d), the two federal district courts that have

---

[34](...continued)
Entry No. 13, p. 9 (emphasis in original).

[35]Id. at 3.

addressed this issue have both concluded that the 2021 amendments to the Texas Labor Code can be read to accord employer status to individual managers.  See Quinonez, 2024 WL 176601, at * 5-*6 (citing Brown-Steffes, 2023 WL 6386510, at * 5).  Acknowledging the holdings in Quinonez and Brown-Steffes, Traylor and Pugh argue that Plaintiff's Original Petition cannot be read to state claims against them for sexual harassment under Subchapter C-1 because her petition neither cites Subchapter C-1 nor alleges facts capable of establishing that either of them are employers as interpreted by the federal courts in those cases.[36]

In Brown-Steffes, 2023 WL 6386510, at * 3 & n.2, the court concluded that after the 2021 amendments the TCHRA provides two causes of action for workplace sexual harassment.  First, under § 21.051, a plaintiff can allege that her employer engaged in sex discrimination so pervasive that it constituted sexual harassment and created a hostile work environment.  Second, under § 21.142, a plaintiff can assert that her employer failed to remedy known sexual harassment.  Although the original petition filed in this case expressly references § 21.051, it contains factual and legal allegations that can reasonably be read to assert causes of action under § 21.142 as well as § 21.051.  In Brown-Steffes the court stated that the elements of a § 21.142 cause of action

---

[36]See Traylor's Reply, Docket Entry No. 14, pp. 2-4, 7-9; Pugh's Reply, Docket Entry No. 15, pp. 2-4, 7-9.

-17-

are that (1) the plaintiff experienced sexual harassment, and (2) the employer or the employer's agents or supervisors (a) knew or should have known that the conduct constituting sexual harassment was occurring and (b) failed to take immediate and appropriate corrective action.

Id. * 4.  For purposes of a § 21.142 claim "employer" means "a person who: (A) employs one or more employees; or (B) acts directly in the interests of an employer in relation to an employee." Tex. Lab. Code Ann. § 21.141(1).  "Sexual harassment" means:

an unwelcome sexual advance, a request for a sexual favor, or any other verbal or physical conduct of a sexual nature if: (A) submission to the advance, request, or conduct is made a term or condition of an individual's employment, either explicitly or implicitly; (B) submission to or rejection of the advance, request, or conduct by an individual is used as the basis for a decision affecting the individual's employment; (C) the advance, request, or conduct has the purpose or effect of unreasonably interfering with an individual's work performance; or (D) the advance, request, or conduct has the purpose or effect of creating an intimidating, hostile, or offensive working environment.

Texas Labor Code § 21.141(2).

Plaintiff's Original Petition alleges two causes of action for sexual harassment.  In pertinent part Plaintiff's second cause of action for sexual harassment alleges that

46.  Defendant Traylor's conduct permeated Plaintiff's workplace with discriminatory intimidation, ridicule, and insult, and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

47.  Defendants knew, or in the exercise of reasonable care should have known, that Defendant Traylor was sexually harassing Plaintiff.

-18-

48. Defendants failed to take reasonable care to prevent and promptly correct Defendant Traylor and prevent him from sexually harassing Plaintiff.[37]

Although these allegations do not expressly cite § 21.142, they allege that defendants knew, or in the exercise of reasonable care should have known, that Traylor was sexually harassing Plaintiff, but failed to take reasonable action to prevent and promptly correct the harassment, as required to state a § 21.0142 claim. Plaintiff's allegations that Traylor put his tongue in her ear and that Traylor responded to her objection by saying, "I'm sorry, I thought you liked that kind of treatment,"[38] allege acts sufficient to satisfy the definition of "sexual harassment" applicable to claims under § 21.142.

Plaintiff's factual allegations regarding the individual conduct of Traylor and Pugh are sufficient to allege that Traylor was an "employer" as defined for claims under § 21.142. In pertinent part Plaintiff alleges that Traylor was a senior level employee who served as Plant Manager at the facility where she worked, that Traylor was the person who sexually harassed her while she was working at his direction, and that Traylor failed to stop

_____

[37]Plaintiff's Original Petition, Exhibit A-1 to Notice of Removal, Docket Entry No. 1-2, p. 9 ¶¶ 46-48.

[38]Id. at 5 ¶¶ 12-14.

the harassment in response to her objections.[39]  Despite Defendants'
arguments to the contrary, these allegations are sufficient to
raise a plausible § 21.142 sexual harassment claim against Traylor
as an employer, _i.e._, "a person who . . . acts directly in the
interests of an employer in relation to an employee," Texas Labor
Code § 21.141(1)(B), as interpreted by the federal courts in Brown-
Steffes and Quinonez.    In Brown-Steffes, 2023 WL 6386510, at *5,
the court held that

> § 21.142 permits a plaintiff to bring a claim against an
> individual as well as an institutional employer, and that
> § 21.142 is sufficiently broad to encompass an individual
> who, though lacking a possessory interest in the employer
> corporation, effectively dominates its administration, on
> behalf of the corporation vis-a-vis its employees.
> (internal citation and quotation marks omitted).

In Quinonez, 2024 WL 176601, at *8, the court concluded that
because plaintiff had alleged that a named defendant "was both her
supervisor and her harasser" that she had "alleged that he
possessed both a sufficient level of control and a nexus to the
protected rights at issue . . . [to] state[] a plausible [§] 21.142
sexual harassment claim against him as her employer."

Plaintiff's allegations that Pugh was BWAY's HR manager,[40] that
after learning of Traylor's harassing conduct, Pugh failed to take

---

[39]Id. at 5-6 ¶¶ 10-14, 22-25.

[40]Id. at 5 ¶ 15.

-20-

action to stop Traylor's harassing conduct,[41] and that Pugh threatened Plaintiff with discharge if she refused to accept a reassignment from the office to the warehouse where she would have to operate heavy machinery,[42] are sufficient to allege a plausible § 21.142 sexual harassment claim against Pugh as an employer under Texas Labor Code §§ 21.141(1)(B) and 21.142.

Because the question of whether Subchapter C-1 governing claims for sexual harassment, which was added to the Texas Labor Code in 2021, provides for individual liability has not been addressed by Texas appellate courts, because the only courts to have considered this question have concluded that § 21.142 permits a plaintiff to bring claims against an individual as well as an institutional employer, <u>Brown-Steffes</u>, 2023 WL 6386510, at *5, <u>Quinonez,</u> 2024 WL 176601, at *5-*6, and because when analyzing a question of improper joinder courts must resolve contested issues of material fact and ambiguities or uncertainties in the controlling state law in the plaintiff's favor, <u>D&J Investments of Cenla,</u> 52 F.4th at 195, the court cannot conclude that Plaintiff has no possibility of recovery against Traylor and Pugh in state court or that Traylor and Pugh have been improperly joined. Accordingly, Plaintiff's requests for remand will be granted, and Traylor's and Pugh's motions to dismiss will be denied as moot.

---

[41]<u>Id.</u> at 6 ¶¶ 18-21.

[42]<u>Id.</u> at 7 ¶¶ 30-32.

## IV. <u>Plaintiff's Request for Attorney's Fees Will Be Denied</u>

Plaintiff seeks an award of attorney's fees and expenses incurred in seeking remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such awards are within the court's broad discretion. <u>Martin v. Franklin Capital Corp.</u>, 126 S. Ct. 704, 709 (2005); <u>Valdes v. Wal-Mart Stores, Inc.</u>, 199 F.3d 290, 292 (5th Cir. 2000). The question courts consider "in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." <u>Valdes</u>, 199 F.3d at 293. And "unsettled law can provide an objectively reasonable basis for removal." <u>Renegade Swish, L.L.C. v. Wright</u>, 857 F.3d 692, 699 (5th Cir. 2017).

The only sections of the Texas Labor Code referenced in Plaintiff's Original Petition are §§ 21.051 and 21.055, sections that do not support claims against individuals such as Traylor and Pugh. Moreover, no Texas appellate court has yet considered how to interpret the definition of "employer" for the purposes of a plaintiff's sexual harassment claim, following the 2021 amendments to the Texas Labor Code. <u>See Brown-Steffes</u>, 2023 WL 6386510, at *5 (commenting that "no court has yet considered the scope of this definition's second prong"). <u>See also Quinonez</u>, 2024 WL 176601, at * 9 ("[N]o Texas appellate court has yet offered guidance on the scope and meaning of an "employer' under the State's relatively new sexual harassment law."). Before the 2021 amendments neither

-22-

Traylor nor Pugh could have been considered Plaintiff's employer, and removal would have been appropriate.  See City of Austin v. Gifford, 824 S.W.2d 735, 742 (Tex.App.—Austin 1992, no writ) ("The [TCHRA] does not create a cause of action against supervisors or individual employees."); Jenkins v. Guardian Industries Corp., 16 S.W.3d 431, 439 (Tex. App.—Waco 2000, pet. denied) ("[S]upervisors and managers are not liable in their individual capacities for alleged acts of discrimination under the TCHRA.").  While the court has concluded that this action should be remanded because Defendants have failed to carry their burden of demonstrating that there is no possibility of recovery by plaintiff against Traylor and Pugh, Plaintiff's failure to reference the 2021 amendments to the Texas Labor Code in her Original Petition and the absence of controlling authority from a Texas appellate court provided Defendants with an objectively reasonable basis for removal. Accordingly, the court declines to grant Plaintiff's requests for attorney's fees and expenses incurred in contesting removal.

### V.  Conclusions and Order of Remand

For the reasons stated in § III, above, the court concludes that Defendants have failed to carry their burden of demonstrating that Plaintiff has no possibility of recovery against Traylor and Pugh on claims of sexual harassment asserted under the TCHRA. Accordingly, Plaintiff's request for remand made in Plaintiff's Response to Defendant Cory Traylor's Motion to Dismiss under Rule

-23-

12(b)(6), Docket Entry No. 12, is **GRANTED**, and Plaintiff's request for remand made in Plaintiff's Response to Defendant Susan Pugh's Motion to Dismiss under Rule 12(b)(6), Docket Entry No. 13, is **GRANTED**.

For the reasons stated in § IV, above, Plaintiff's request for attorney's fees and expenses made in Plaintiff's Response to Defendant Cory Traylor's Motion to Dismiss under Rule 12(b)(6), Docket Entry No. 12, is **DENIED**, and Plaintiff's request for attorney's fees and expenses made in Plaintiff's Response to Defendant Susan Pugh's Motion to Dismiss under Rule 12(b)(6), Docket Entry No. 13, is **DENIED**.

Because the court has concluded that this case should be remanded, Defendant Cory Traylor's Motion to Dismiss Under Rule 12(b)(6), Docket Entry No. 7, is **DENIED as MOOT**, and Defendant Susan Pugh's Motion to Dismiss under Rule 12(b)(6), Docket Entry No. 8, is **DENIED as MOOT**.

This action is **REMANDED** to the 85th Judicial District Court of Brazos County, Texas.

The Clerk of the Court will provide a copy of this Memorandum Opinion and Order of Remand to the District Clerk of Brazos County, Texas.

**SIGNED** at Houston, Texas, on this the 12th day of April, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE